**In re Robert AVINS, Debtor.**

**Bankruptcy No. 82–00283–BKC–TCB.**

United States Bankruptcy Court,
S. D. Florida.

March 23, 1982.

John T. Haley, Miami, Fla., for debtor.

Robert L. Roth, Coral Gables, Fla., trustee.

Martin Friedman, Tallahassee, Fla., for creditor.

## ORDER DENYING CONFIRMATION

THOMAS C. BRITTON, Bankruptcy Judge.

This debtor's chapter 13 plan was before the court for confirmation on March 17.

The debtor is the owner and operator of a franchised International House of Pancakes restaurant. Through a separate corporate entity, the debtor recently became indebted in the amount of $79,846 as a result of the failure of another I. H. O. P. restaurant.

█ The debtor is married and lives with his wife, who is employed in his restaurant. His plan is based upon the availability of her income as well as his and it contemplates payment of all family expenses and obligations. However, the wife has not joined in the petition as is permitted by 11 U.S.C. § 302(a).

The debtor and his wife own, in addition to their $200,000 home, a $70,000 townhouse as investment property, $25,000 in municipal bonds, two automobiles and, as has been noted, complete ownership of the restaurant franchise.

The debtor plans to pay his creditors about 25% of their claims over a three year period in installments which would represent about 85% of the family's income available after monthly living expenses of $2,560.

The plan is opposed by the trustee on the ground that the wife, whose income is indispensable to the plan, is not a party to this proceeding. The reason she is not a party is that all of the debtor's assets are said to be held in an estate by the entireties with his wife, but that she is in no way obligated for the large debt owed by the debtor. This bankruptcy proceeding is, therefore, a scheme to discharge three-fourths of that debt (as well as all other unsecured debts) without subjecting the wife's property interest to support of the plan.

The major creditor also opposes the plan which it views as not having been proposed in good faith and because it provides a smaller recovery than would be available under a chapter 7 liquidation.

I find that the plan has not been proposed in good faith, but rather as a scheme or device to avoid paying approximately three-fourths of the debtor's unsecured obligation to his principal creditor.

I also find that the plan provides less for the debtor's creditors than they would be paid if the debtor's estate were liquidated under chapter 7.

Finally, I am unable to find that the debtor will be able to make all payments under the plan and to comply with the plan, because the wife is in no way bound by this plan although her income and the income from property she jointly owns is essential to the support of this plan.

Therefore, confirmation is denied pursuant to § 1325(a)(3), (4) and (6).

█ The foregoing findings and conclusions are self-explanatory, except with reference to § 1325(a)(4), which requires that a plan be denied confirmation if the creditors would receive more under a chapter 7 liquidation. Florida recognizes estates by the entireties and exempts such property from the claims of creditors of an individual spouse. Although exempt property becomes a part of the debtor's estate, § 541, the debtor may claim and in this instance has claimed his Florida exemptions. However, in a chapter 7 liquidation, § 363(h) provides that:

"... the trustee may sell both the estate's interest ... and the interest of any co-owner in property in which the debtor had, immediately before the commencement of the case, an undivided interest as a tenant-in-common, joint tenant, or tenant by the entirety ...".

These circumstances would, at least arguably, enable the trustee in this instance to pay creditors substantially more in chapter 7 liquidation than is provided by this plan.

The trustee has requested dismissal of this case. The objecting creditor has requested conversion to chapter 7. Notice has been given to the debtor that the court would consider conversion or dismissal at the confirmation hearing, if confirmation is denied. (C. P. No. 7). The debtor has not expressed a preference. For this reason, a further hearing will be held on Wednesday, March 31, at 9:30 a. m. in Courtroom 1406, 51 S.W. First Avenue, Miami, Florida, for the purpose of hearing the debtor's preference and any additional argument by any other party. The trustee is expressly excused from attendance at such hearing in view of his conflicting schedule.

In view of the foregoing decision, the creditor's objection to the debtor's claim of exempt property and its motion to continue the confirmation hearing are each denied without prejudice.